FILED
 2012 Jun-18 PM 02:27
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT N. HALLMARK, ]<br>  Plaintiff, ]<br> ]<br> vs. ]<br> ]<br>MICHAEL J. ASTRUE, ]<br>Commissioner, ]<br>Social Security Administration, ]<br>  Defendant. ] | 1:11-CV-1862-LSC |

MEMORANDUM OF OPINION

I.   Introduction

The plaintiff, Robert N. Hallmark, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Mr. Hallmark timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Hallmark was forty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 29-30.) His past work experiences include employment as a truck driver, forklift operator, and warehouse worker. (*Id.* at 42-43.) Mr. Hallmark claims that he became disabled on

December 1, 2007, due to degenerative disc disease, migraine headaches, neck pain, and back pain. (*Id*. at 33-42.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id*. If they do not, a

determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Hallmark meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 14.) She further determined that Mr. Hallmark has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's degenerative disc disease is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, she found that this impairment neither meets nor medically equals any of

the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id*. at 16.) The ALJ did not find Mr. Hallmark's allegations to be totally credible, and she determined that he has the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) [sic] with the following limitations. He can never crouch, crawl, or climb ladders, ropes, or scaffolds; occasionally climb stairs/ramps, balance, stoop and kneel; and frequently reach, handle, finger and feel. He must avoid exposure to hazardous conditions such as heights and moving machinery.

(*Id*.)

According to the ALJ, Mr. Hallmark is unable to perform any of his past relevant work, and he is a "younger individual," as those terms are defined by the regulations. (*Id*. at 19.) She determined that Plaintiff's "transferability of skills is not an issue in this case." (*Id*. at 20.) The ALJ found that Mr. Hallmark has the residual functional capacity to perform a limited amount of light work. (*Id*.) Even though Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocation Rule 202.21 as a guideline for finding that there are a significant number of jobs in the national economy that he is capable of performing, such as assembler and machine feeder, inspector and tester, and general office clerk. (*Id*. at 20.) The ALJ concluded her findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id*.)

II.     Standard of Review

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for

"despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion

Mr. Hallmark alleges that the ALJ's decision should be reversed and remanded for one reason. He believes that the ALJ failed to properly credit his treating physician's report and opinion that he is "disabled within the meaning of the social security law." (Doc. 7 at 3.) The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d). A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted).

"[G]ood cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record). The ALJ "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d). The Court is interested in the doctors' evaluations of the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's

findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.,* 20 C.F.R. § 404.1546(c).

Dr. Aldaher, Plaintiff's treating physician, examined Plaintiff on May 29, 2009, for a Physical Capacities Evaluation ("PCE") and a Clinical Assessment of Pain ("CAP"). (Tr. at 420-21.) In these reports, Dr. Aldaher offers several opinions that speak to Plaintiff's medical capacity, vocational capacity, or both. Plaintiff argues the ALJ erred in failing to "accord substantial, considerable or even controlling weight" to these opinions. (Doc. 7 at 9.) However, the ALJ correctly followed appropriate standards. Dr. Aldaher's non-medical opinions regarding Plaintiff's vocational capacity, while relevant, are not entitled to "any special significance." 20 C.F.R. §§ 404.1527(d)(3). The ALJ also had good cause to discount the medical opinions as reflected in the PCE and CAP because the evidence, including Dr. Aldaher's own medical records, supports a contrary finding.

The ALJ "carefully considered Dr. Aldaher's opinions" from the July 2009 assessments, yet ultimately accorded them less than substantial weight upon addressing the parts of the record which discredited them. (Tr. at 18-19.) First, an April 2009 examination of Plaintiff by consultative examiner Dr. Tobing-Ruiz revealed

only minor defects in Plaintiff's left hand grip strength and spinal motion. (Tr. at 18, 374-78.) Plaintiff exercised a full range of motion of his remaining joints with no report of pain, and was able to walk, squat, and heel-to-toe walk without difficulty or complaint of pain. (*Id.*) Based on this physical assessment, Dr. Tobing-Ruiz opined that Plaintiff's "condition is expected to improve with physical therapy and exercise," and also that Plaintiff "should be able to do some type of non-manual work." (Tr. at 376.)

Moreover, the ALJ recognized that Dr. Aldaher's opinion was inconsistent with his own medical records, some of which suggested that Plaintiff's capabilities exceeded those presented in the July 2009 PCE and CAP. (Tr. at 19.) Dr. Aldaher's follow-up record from one year earlier indicates that Plaintiff engaged in work activity even after the onset of his disability in December of 2007. Specifically, upon being advised to follow-up with a neurosurgeon, Plaintiff told Dr. Aldaher he could not take off from work. (Tr. at 280.) Dr. Aldaher's follow-up record from February 16, 2009, notes Plaintiff's successful completion of a Department of Transportation physical, certifying his fitness as a commercial driver. (Tr. at 281.) This indicates that his pain was not so disabling that he could not work. In addition to the completion of this physical, Dr. Aldaher stated that "[Mr. Hallmark] is doing fine." (*Id.*) However, five

months later, in July, Dr. Aldaher evaluated the plaintiff as only being capable of spending one hour sitting and one hour standing or walking over the course of an eight-hour work day, if not being outright incapacitated by pain and side effects of medication. (Tr. at 281, 420-21.) Nothing in Dr. Aldaher's intervening follow-up records from April 10, June 1, or July 24 provides a medical explanation for the drastic change in Plaintiff's condition. (Tr. at 387, 417.) In fact, the April 10, June 1, and ensuing September 21 records all specifically indicate a lack of recent trauma. (*Id.*) Plaintiff summarizes Dr. Aldaher's evidence as "several hundred pages of treating physician notes and diagnostic test results covering a period of some 10 years," yet that very evidence fails to explain the significant change in Dr. Aldaher's opinion between the February physical and the July assessments. (Doc. 7 at 8.)

      The record shows that the ALJ had good cause for according less than substantial weight to Dr. Aldahar's July 2009 opinion. *See Crawford*, 363 F.3d at 1159-60; *Phillips*, 357 F.3d at 1240-41. The examination performed by Dr. Tobing-Ruiz provided evidence that supported a contrary finding, and Dr. Aldaher's opinion proved inconsistent with his own medical records.

IV.     Conclusion

Upon review of the administrative record, and considering all of Mr. Hallmark's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 18th day of June 2012.

                                    L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE
                                                                       167458